UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff,<br><br>v.<br><br>DARBY HOUSE RETIREMENT CENTER,<br><br>Defendant. | COMPLAINT<br><br>Civil Action No.<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Pregnancy Discrimination Act of 1978, 42 U.S.C. Section 2000e(k), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices based upon sex and to provide appropriate relief to Morgan Ramsey who was adversely affected by such practices. The Commission alleges that Defendant Darby House Retirement Center terminated Morgan Ramsey's employment as a certified nurse assistant because of her sex, female (pregnancy).

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Northern Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f).

4. At all relevant times, Defendant, Darby House Retirement Center, was a general partnership doing business in the State of Tennessee, and the City of Jefferson City, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Morgan Ramsey filed a charge with the Commission alleging that Defendant engaged in employment practices at its Jefferson City, Tennessee location in violation of Title VII, as amended, 42 U.S.C. §2000e-2(a)(1). All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about July 6, 2006, and continuing, Defendant Employer engaged in unlawful employment practices. The unlawful employment practices included, but were

not limited to, terminating Ms. Ramsey employment because of her sex, female (pregnancy).

8. Ms. Ramsey was hired by Defendant as a certified nurse assistant on July 6, 2006.

9. Ms. Ramsey reported to work on July 7, 2006.

10. Shortly after she began work on July 7th, Defendant learned that Ms. Ramsey was pregnant.

11. That same day, Defendant terminated Ms. Ramsey's employment.

12. Defendant told Ms. Ramsey that her employment was being terminated because of her pregnancy.

13. The practices complained of above were and are in violation of §§ 703(a) of Title VII, as amended, 42 U.S.C. §§ 2000e-2(a)(1).

14. The effect of the practices complained of above has been to deprive Morgan Ramsey of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female (pregnancy).

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained above were done with malice or with reckless indifference to the federally protected rights of Morgan Ramsey.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, female (pregnancy).

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunity for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Morgan Ramsey, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant Employer to make whole Morgan Ramsey by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

E.  Order Defendant Employer to pay Morgan Ramsey punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_/s/ Faye A. W._
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1407 Union Avenue, Suite 621
Memphis, TN 38104
Telephone: (901) 544-0088

_/s/ Sally Ramsey (/s/ FAW with permission)_
SALLY RAMSEY
Senior Trial Attorney
TN Bar No. 18859

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105